UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE SPEIRS | ) | |
| | ) | Case Number |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL COMPLAINT |
| GC SERVICES, LP | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Michelle Speirs, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Michelle Speirs (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.  PARTIES

4. Plaintiff, Michelle Speirs ("Plaintiff") is an adult natural person residing at 350A Field Pointe Boulevard, Condo 204, Frederick, MD 21701.

5. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692 a(2).

6. Defendant, GC Services, LP ("Defendant"), at all times relevant hereto, is and was a Limited Partnership engaged in the business of collecting debt within the State of Maryland and the Commonwealth of Pennsylvania with its principal place of business located at 6330 Gulfton St, Houston, TX 77081 and a registered address located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

8.     In or around the beginning of June 2009, Defendant, by and through its agents, including but not limited to Megan, Melanie, Jessica and Mr. Graves, began a series of harassing and abusive calls to Plaintiff's place of employment.

9.     The calls were in reference to an alleged consumer debt believed to be a Department of Education Student Loan.

10.     Plaintiff believes and thus avers that the alleged debt is not hers.

11.     Plaintiff has informed Defendant's agents that she does not owe the alleged debt, asked them to send her something in writing and has demanded numerous times that Defendant refrain from calling her at work because she is not allowed to receive personal calls there.

12.     Defendant's agents have refused to send Plaintiff anything in the mail stating that instead Defendant will just garnish Plaintiff's wages.

13.     Defendant's agents have continued to call Plaintiff at work.

14.     In or around September 2009, Defendant's agent called Plaintiff's place of employment and asked to speak with payroll.

15.     When Plaintiff replied that there was no payroll department, Defendant's agent stated that he was looking for "Michelle Speirs" and then hung up on Plaintiff.

16.     On or about December 3, 2009, Defendant's agent called Plaintiff's place of employment, identified himself as a representative of the New York State Department of Education and recited Plaintiff's social security number in its entirety.

17.     Defendant's agent then asked to speak with human resources and when Plaintiff replied that there was no human resources department, Defendant's agent hung up on Plaintiff.

18.     On or about December 4, 2009, Plaintiff received a call from "Operations Division" at her place of employment. The number on the caller ID is identified as belonging to Defendant.

19.     Defendant's agent asked for the payroll department and when Plaintiff replied that there was no payroll department, Defendant's agent hung up on Plaintiff.

20.     On or about December 18, 2009, Defendant's agent, Melanie, called Plaintiff at her place of employment.

21.     Defendant's agent, Melanie, asked for the human resources department stating that she is trying to verify Plaintiff's income.

22.     Plaintiff requested that Defendant fax written verification to her but Defendant's agent, Melanie, put Plaintiff on hold and transferred Plaintiff to a "supervisor", Mr. Graves.

23.     Defendant's agent, Mr. Graves, stated that this wasn't the first time Plaintiff had refused to cooperate with Defendant and that he would not waste his time or his agent's time with Plaintiff's request.

24.     Defendant's agent, Mr. Graves, told Plaintiff that he did not have to give her anything in writing but would just garnish her wages.

25. Plaintiff attempted to speak but Defendant's agent, Mr. Graves, spoke over her and stated that as a representative of the United States Government, he had the right to garnish her wages.

26. Mr. Graves did not mini-Miranda Plaintiff and proceeded to hang up on her.

27. Defendant's agents continue to call Plaintiff at her place of employment and in fact, have left messages on her work voicemail. Everyone in the office where Plaintiff works has access to her voicemail.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

29. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – FDCPA.

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

   a. 1692c(1) Defendant's agents contacted Plaintiff at a place or time that was known to be inconvenient;

   b. 1692c(a)(3) Defendant's agents contacted Plaintiff at her place of employment after being asked to refrain from doing so;

   c. 1692c(b) Defendant's agents left voicemail messages on Plaintiff's work voicemail, which can be listened to by all office staff and this is prohibited;

      d.      1692d Defendant's agents conducted themselves in a manner which was harassing, oppressive, or abusive to Plaintiff;

      e.      1692d(2) Defendant's agents used language that was abusive to Plaintiff;

      f.      1692d(5) Defendant's agents caused the phone to ring and engaged Plaintiff in conversation repeatedly;

      g.      1692d(6) Defendant's agents placed phone calls without disclosing their identity;

      h.      1692e Defendant's agents made false, deceptive and misleading representations to Plaintiff in the course of attempting to collect the alleged debt;

      i.      1692e(1) Defendant's agents attempted to mislead the Plaintiff to believe that they were affiliated with the United States or any state in their communications with her;

      j.      1692e(2) Defendant's agents mislead the Plaintiff as to the legal status of the alleged debt;

      k.      1692e(5) Defendant's agents threatened Plaintiff with action that was not intended to be taken;

      l.      1692e(7) Defendant's agents implied that Plaintiff had committed conduct that disgraced her;

      m.      1692e(10) Defendant's agents used false representations or deceptive means to attempt to collect the alleged debt from Plaintiff;

   n. 1692e(11) Defendant's agents failed to mini-Miranda the Plaintiff;

   o. 1692e(14) Defendant's agents used names other than the true name of the debt collector's business;

   p. 1692f Defendant's agents used unfair and unconscionable means to attempt to collect the alleged debt from Plaintiff;

   q. 1692f(6) Defendant's agents threatened to unlawfully disable consumer's property, i.e.; garnish her wages;

   r. 1692g Defendant failed to send Plaintiff the 30 day validation notice within 5 days of the initial communication.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, GC Services, LP and Order the following relief:

   a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. §1692k;

   d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

   e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  January 18, 2010          BY: /s/ Brent F. Vullings
                                 Brent F. Vullings, Esquire
                                 Warren & Vullings, LLP
                                 1603 Rhawn Street
                                 Philadelphia, PA  19111
                                 215-745-9800    Fax 215-745-7880
                                 Attorney for Plaintiff